UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00193-JMS-WGH |
| | ) | |
| BRENDA HINTON Law Library Clerk/Supervisor, | ) | |
| K. RICHARDS Library Supervisor, | ) | |
| T. LITTLEJOHN Grievance Specialist, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it ›fails to state a claim upon which relief can be granted.‹@ *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). Plaintiff Richard Keith Johnson, a state prisoner, filed this civil action alleging that two library supervisors and a grievance specialist at Wabash Valley Correctional Facility violated his First Amendment right to access the courts.

> [T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that

legitimate claims were dismissed because of the denial of reasonable access to legal resources.

*Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

As submitted, the complaint does not allege the element of prejudice necessary to support the claim which is asserted and thus does not A>contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.=@ *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)). The only prejudice alleged in the complaint is that Johnson was denied copies in May 2013, and as a result he was unable to comply with a March 2013 deadline in a post-conviction relief proceeding. Such a claim is frivolous because the deadline had necessarily passed prior to copy request. Mr. Johnson shall have **through June 12, 2013,** in which to supplement his complaint by stating how he was prejudiced by each defendant's alleged conduct.

**IT IS SO ORDERED.**

Date: 05/22/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
926081
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838