UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD KEITH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00193-JMS-WGH |
| ) | |
| BRENDA HINTON Law Library ) | |
| Clerk/Supervisor, ) | |
| K. RICHARDS Library Supervisor, ) | |
| T. LITTLEJOHN Grievance Specialist, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Supplemented Complaint and Directing Entry of Final Judgment**

Plaintiff Richard Keith Johnson, a state prisoner, filed this civil rights action alleging that two library supervisors and a grievance specialist at Wabash Valley Correctional Facility violated his First Amendment right to access the courts. The Court screened the complaint and determined that it did not allege the element of prejudice necessary to support the claim which is asserted and thus does not A>contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.=@ *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)). Johnson was then given an opportunity to supplement his complaint by stating how he was prejudiced by each defendant's alleged conduct.

Johnson's supplement was received by the court on June 12, 2013. Unfortunately for Johnson, the supplement fairs no better than the complaint because it fails to allege a plausible claim for relief against any of the defendants.

## Discussion

Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance. *Bounds v. Smith*, 430 U.S. 817 (1977). The right of access, however, is not "an abstract freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury. *Casey*, 518 U.S. at 353; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result."). As this Court previously explained in the Entry of May 22, 2013,

> [T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources.

*Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

Johnson's belief that he has a fundamental right to legal materials such as copies is mistaken. Although prisoners have a right of access to courts, they do not have the right to unlimited copies or subsidized access. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010); *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007); *Johnson v. Daley,* 339 F.3d 582, 586 (7th Cir. 2003). In addition, the supplement reflects that he was not actually injured in the delay or denial of copies.

Johnson's first claim of prejudice is based on his February 20, 2013, request for copies of his witness and exhibit lists, exhibits, cover sheet and certificate of service. These documents were to be filed by March 1, 2013, in the Circuit Court of Shelby County. The law library returned the exhibits uncopied with a note that the exhibits included transcripts, had staples and were not in any order. Johnson states that the denial of copies prejudiced his defense "due to several of his exhibits being denied by the court because they were not in proper format." Dkt. 9 at p.2. But this statement reflects that the exhibits were eventually copied and not rejected by the court for timeliness. Instead the exhibits were denied because of their format. This error does not flow from any delay in copying. Johnson argues that had he been able to turn in his exhibits earlier he could have requested that the court give him time to correct the formatting errors. Dkt. 9 at p. 2. This claim is speculative at best and the delay did not prohibit Johnson from requesting that relief; that is, the opportunity to correct his formatting errors. The facts alleged in the supplement reflect that Johnson did not suffer actual prejudice on account of the delay in copying his exhibits.

Johnson's second claim of prejudice stems from defendant B. Hinton's March 4, 2013, refusal to copy 12 subpoenas for Johnson's post conviction relief proceeding on May 7, 2013. Because the copies could not be obtained through the law library, Johnson requested the clerk's office to copy and forward the subpoenas to the Sheriff's office. The clerk's office agreed. However, Johnson claims that the delay (of an unidentified amount of time) resulted in four of his witnesses not being located. He states that if he was given enough time he could have asked the court to provide the Sheriff's office with the witnesses' phone numbers. This is odd. It is not clear what difference the phone numbers would have made to the Sheriff's office or even that the Clerk's office had the witnesses' phone number on record or had an obligation to provide them.

In addition, if the telephone numbers were material they could have been requested prior to the copy request. Stranger still is Johnson's assumption that the State's former witnesses against him in his criminal trial were vital to his defense, particularly given the fact that apparently 8 of the 12 witnesses' subpoenas were successfully served. No plausible claim of actual injury resulted from the delay in copying the subpoenas.

Johnson's third claim of prejudice relates to the present action. Apparently in response to the Entry of May 22, 2013, Johnson requested from the law library copies of his response and other documents. On May 30, 2013, Johnson's request was returned to him with the statement that the documents were upside down, backwards and in no order. Johnson admits that the last six pages were in backwards and that the documents were separated by law library request, request for indigent envelopes, and a note explaining that his counselor had seen the documents. The documents were resubmitted on June 4, 2013, and returned with the claim that the wrong copy request form was used when it was not. Even if Johnson's request was properly made, the law library's failure to provide Johnson with the copies he seeks has caused no prejudice. Johnson was able to timely file his supplement as directed. In addition, the submission of exhibits would not have been appropriate at this time. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (attachments to the complaint can be "stricken without bothering to read.").

There are no allegations that state a plausible claim that Johnson was unreasonably prevented from presenting legitimate grievances to a court. Because Johnson has not made specific allegations as to the prejudice suffered because of the defendants' alleged conduct, his supplemented complaint has failed to state an access to court claim and this action shall be dismissed.

A separate note regarding claims against K. Richards and T. Littlejohn is appropriate. The claim against K. Richards is based on his status as the library supervisor and the claim against T. Littlejohn is based on his role as the grievance specialist. Johnson asserts that these defendants are responsible for ensuring prisoners' rights are not violated by other staff. Such a theory of liability, however, is not supported by 42 U.S.C. § 1983. ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). The claims against K. Richards and T. Littlejohn are also dismissed on this basis.

Finally, Johnson purports to add claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments. These undeveloped claims are dismissed. As the Supreme Court has explained, "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

## Conclusion

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley*, 482 U.S. 78, 84 (1987)). No such claim is asserted here, however, because "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S.Ct. 910, 920 (2007) (applying 28 U.S.C. § 1915A(b)); *see also Tregenza v. Great American Communications Co*., 12

F.3d 717, 718 (7th Cir. 1993)(although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"). That is the situation here.

      This action is dismissed pursuant to 28 U.S.C. § 1915A(b) and judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 06/17/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
926081
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838